NO. 07-07-0339-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 7, 2007
_____

JOAQUIN OLIVAS GARCIA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3969; HON. RON ENNS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Joaquin Olivas Garcia challenges his conviction for possessing a controlled substance (cocaine). He contends that the trial court should have granted his motion to suppress. We disagree and affirm the conviction.

To assert a federal or state constitutional challenge to a search, a party must establish his right to complain by showing he has a reasonable expectation of privacy in the area searched. *Granados v. State,* 85 S.W.3d 217, 222-23 (Tex. Crim. App. 2002);

*Villareal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). The burden of proof on that issue lies with the party challenging the search, *Granados v. State,* 85 S.W.3d at 222-23, and we review the issue of standing *de novo. Kothe v. State,* 152 S.W.3d 54, 59 (Tex. Crim. App. 2004).

The only witness at the suppression hearing was Cactus Chief of Police Larry Kelsay. He testified that he and another officer were dispatched to a particular apartment on the basis of a disturbance call due to someone yelling and screaming. After knocking, an individual opened the door and invited the officers inside. Seven persons were in the living area of the apartment. The officers explained why they were there and were told by Jesus Chavez, a person they believed resided at the apartment, that they were free to look around. When they opened the door of the bedroom, they observed appellant with a white powdery substance.

The record is completely devoid of any evidence explaining or developing appellant's relationship to the place searched. Nor do we know if he had a property or possessory interest in the apartment, how long he had been at the residence, whether he had been staying overnight as a guest, or whether the person who actually owned or rented the abode knew he was there or otherwise granted him permission to be there. We simply have evidence illustrating his presence behind a closed door after someone told the police they could search the place. Under these circumstances, we cannot say that presence alone was enough to vest appellant with standing to attack the search. *See Villarreal v. State*, 935 S.W.2d at 137 (holding that a purported guest lacked standing to contest the search where the guest was there to conduct a business transaction, left for

2

several hours, and returned to escape capture by the police); *Smith v. State*, 176 S.W.3d 907, 914 (Tex. App.–Dallas 2005, pet. ref'd) (showing that mere presence in the house was not enough). Accordingly, the trial court did not err in its ruling, and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.